No. 21.—WALLER D. WHALEY, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] A Sheriff or other arresting officer, in a criminal prosecution, has no au- thority to seize the defendant's property, and hold the same for the payment of costs, unless directed so to do by the Magistrate issuing the warrant, as provided by the Act of 1816.

Whaley *vs.* The State of Georgia.

Motion, in Baker Superior Court.   Decision by  Judge WAR-
REN, December Term, 1851.

Waller D. Whaley was arrested  by  the  Deputy  Sheriff of
Baker County, under a warrant,  charging him with the  offence
of larceny.   The officer issuing the warrant gave no directions
under his hand and seal, for the seizure of a sufficient  amount
of property for the payment of all legal costs  and expenses, as
provided by the Statute.   The arresting officer, however, seized a
horse, saddle and bridle.  No schedule of this property was render-
ed to the committing Court, but there was a written consent by the
defendant, at the return of  the warrant, that the property should
be sold and the money held in the  stead of the property.   The
property was sold for the sum of  one  hundred and five dollars.

The defendant moved in  the Court below, that  this money
should be paid over to him.   The Court refused the motion, and
this decision is brought up by the defendant for review.

H. MORGAN, for plaintiff in error.

Sol. Gen. LYON, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] In this case, the Sheriff of Baker shows no legal author-
ity to retain the  proceeds of the  defendant's property  in  his
hands.   The warrant  under which the defendant was arrested,
contained *no  directions* to the arresting  officer to seize the pro-
perty of the defendant, as provided by the Act of 1816.  *Cobb's
N. Dig.* 857.

The consent of the defendant that the property should be sold
and the proceeds of  the sale  be held  instead of  the  property,
did not divest the defendant's title to the money.

The arresting officer, so far as the record shows, had the pos-
session of the defendant's property, *without the authority of law,* and
the defendant's consent  that the  property should be  converted
into money,  confers  no better title to the  proceeds of the sale
than he had to the property.   The money might have been sub-

jected to the payment of the costs after the conviction of the defendant, by entering up judgment therefor, according to the provisions of the Acts of 1820 and 1830, as was ruled by this Court, in *Peters vs. The State of Georgia*, 9 *Ga. R.* 109. Such judgment, or the execution issued thereon, would doubtless have conferred sufficient authority upon the Sheriff, to have retained the money from the time such judgment or execution was placed in his hands; or so much thereof, as would have been sufficient to pay the costs of the prosecution.

Let the judgment of the Court below be reversed.